# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLE QUEEN                   :         CIVIL ACTION

     v.                            :

COLUMBIA SUSSEX CORPORATION, et al.   :   NO. 10-2675

## MEMORANDUM

**Baylson, J.**                                                                 **August 10, 2010**

      This case presents an unusual factual pattern resulting in removal and Plaintiff's motion for remand. It arises from a tragic accident in which a five-year-old drowned while swimming at a Philadelphia hotel pool. The initial lawsuit regarding this accident was filed in the Court of Common Pleas of Philadelphia County. The Defendants in that case were several entities allegedly related to the hotel where the swimming pool was located, and also Ms. Shawn Carter, alleged to be the aunt of the deceased who was responsible for the deceased's supervision at the time of the drowning.

      However, as discovery later disclosed, none of the original defendants were actually the operator or manager of the hotel. Thus, when Plaintiff's counsel discovered the identity of the company that allegedly operated and managed the hotel, Columbia Sussex Corporation ("Columbia"), as required by the Pennsylvania Rules of Civil Procedure, Plaintiff initiated a new, second lawsuit on May 14, 2010 in the Court of Common Pleas of Philadelphia County against Columbia and also Ms. Carter. However, before Plaintiff filed a motion to consolidate the two cases, Defendant Columbia filed a Notice of Removal of this case. Plaintiff has since notified this Court that she has voluntarily dismissed the first action. (Pl.'s Reply 1, Ex. A.)

Accordingly, the instant action is the only existing action arising from the drowning accident.

Diversity of citizenship does not exist because Shawn Carter, allegedly an adult who was supervising the deceased at the time of the accident, is indisputably a citizen and resident of Pennsylvania. In its removal papers, Columbia contends that Ms. Carter's citizenship should be ignored because she is not a proper Defendant in this action since she was already sued in the first action, which had been pending in the Court of Common Pleas. Therefore, Columbia asserts that the joinder of Columbia and Shawn Carter in this case is fraudulent, that removal was proper, and that the Motion to Remand should be denied.

**I.      Discussion**

Under settled case law considering the citizenship of parties for the purpose of diversity jurisdiction, a court may ignore those parties who, although not diverse, have been fraudulently joined, and also those parties who are merely nominal parties to the litigation. Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991). The Third Circuit's test for determining whether a joinder is fraudulent is as follows: where there is no reasonable basis in law or colorable grounds supporting the claim against the joined defendant, or no real intention of good faith to prosecute the action against the defendant or seek a joint judgment, the joinder of a party may be considered fraudulent. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d. Cir. 1992) (citations omitted). The Third Circuit has emphasized that the party seeking removal carries a "heavy burden of persuasion" in making a showing of fraudulent joinder, id. (citation omitted), and that "[i]t is logical that [the party claiming fraudulent joiner] should have this burden, for removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" id. (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d

1006, 1010 (3d Cir. 1987)).

Defendant Columbia, opposing the Motion to Remand, argued that because Shawn Carter had already been named as a Defendant in the first case, adding Shawn Carter as a Defendant in this second case was fraudulent, as Ms. Carter was named as the Defendant in the second case only to defeat jurisdiction. Defendant argues that because Ms. Carter was already a defendant in the first case, there was no need to name her as a Defendant in the second case. While neither party has cited any case factually on point on this issue, this issue is now moot, as Plaintiff has voluntarily dismissed the first case.

Even had Plaintiff not chosen to voluntarily dismiss the first case, the Court would likely have found that Defendant had taken too narrow a viewpoint of Plaintiff's potential strategy, and also had not not demonstrated that Plaintiff is guilty of any "fraud." Initially, it is obvious that Ms. Carter is, under the allegations, a joint tortfeasor along with Columbia. Plaintiff has a legitimate strategic point in wanting both of these Defendants to be named as responsible party defendants, and to be present or represented at a jury trial. Given that the present case is now the only existing case against Defendants Columbia and Ms. Carter arising out of the drowning accident, the Court finds that the claims brought against Ms. Carter are certainly colorable.

Given the peculiarities of the Pennsylvania Rules of Civil Procedure requiring the initiation of a new lawsuit, it was not unreasonable or "fraudulent" for Plaintiff to name Ms. Carter in the second suit as well as in the first – indeed, doing so shows consistency of theory more so than any "fraud." It is quite possible that Plaintiff knew that the defense would attempt to remove the second lawsuit and to hope for a judicial ruling that the naming of Ms. Carter would be considered fraudulent (or that she was a "nominal" defendant), and that the case would

remain in federal court, i.e., that Defendant would be able to convince a federal judge that the removal was proper. Plaintiff cannot predict the outcome of a motion to remand with assurance. Naming Ms. Carter as a Defendant in the second case was a legitimate legal strategy because under that situation, there would have been two cases pending, one in state court and one in federal court; Plaintiff had a right to have Ms. Carter as a party—even purportedly as a "nominal" party—in this federal case because it was possible that the federal case would proceed to trial and judgment more quickly than the state court case. Nevertheless, these issues were mooted by the dismissal of Plaintiff's first case.

This Court will not make suppositions about Plaintiff's attorney's strategy, nor so lightly infer fraud when there is no evidence of fraud. Indeed, the Court notes that in Plaintiff's initial brief, she stated that she "has every intention of proceeding against Ms. Carter. Indeed, the fact that Plaintiff has filed multiple lawsuits against Ms. Carter indicates just how serious Plaintiff is about pursuing these claims." (Pl.'s Mot. for Remand and Costs 7-8.) Given that the present case is now the only case in which Plaintiff assets claims against Ms. Carter, keeping the case in federal court would be improper because there is no diversity, the standard of fraudulent joinder has not been met, and Defendants ignore legitimate strategic decisions previously made by Plaintiff's counsel.

Plaintiff has also moved for costs, expenses, and attorneys fees, which will be denied. While the parties' briefing did not cite case law on this issue, the Court's own inquiry indicates that it would be inappropriate to award costs, expenses, and attorneys fees against Defendants or defense counsel, who are entitled to raise this issue without liability for sanctions. The United States Supreme Court has stated that the "standard for awarding fees should turn on the

reasonableness of the removal," and that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . . [W]hen an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). Here, it was objectively reasonable for defense counsel to seek removal to federal court, as defense counsel was entitled to assert that jurisdiction was proper in this Court. Accordingly, Plaintiff's motion for remand is granted, but Plaintiff's motion for costs, expenses, and attorney's fees will be denied.

    An appropriate Order follows.

O:\CIVIL 09-10\10-2675 Queen v. Columbia\Queen v. Columbia - Memo Mot Remand.wpd